IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>    Petitioner,<br><br>    v.<br><br>DANNY SAMUEL,<br><br>    Respondent. | No. 2:23-CV-1732-KJM-DMC-P<br><br>ORDER |

        Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion, ECF No. 16, to disqualify Chief Judge Mueller from presiding over this case.

        Petitioner's motion is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the primary case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. The Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or

1 | prejudice.  See Berger, 255 U.S. at 34.

2 |     In the currently pending motion, Petitioner contends that Judge Mueller should be disqualified from this case due to adverse rulings in another matter.  As explained above, adverse rulings alone do not constitute a sufficient reason to disqualify a judge.

    Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to disqualify, ECF No. 16, is DENIED.

Dated: January 17, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2