IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>DANNY SAMUEL,<br><br>　　　　　　　Respondent. | No.  2:23-CV-1732-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to dismiss.  See ECF No. 20.  Petitioner has filed an opposition.  See ECF No. 25.  Respondent argues this action must be dismissed because underlying state court criminal proceedings have not yet concluded.

　　　　　Principles of comity and federalism require that this Court abstain and not entertain Petitioner's habeas challenge to a state court criminal conviction which is not yet final unless he shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention.  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980); see also Younger v. Harris, 401 U.S. 37, 46 (1971); Kowalski v. Tesmer, 543 U.S. 125, 133 (2004).  Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special

circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.  See Carden, 626 F.2d at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

Respondent outlines the following relevant procedural history, which is not contested:

> On April 25, 2005, a Solano County jury found petitioner guilty of showing harmful matter with the intent of seducing a minor (Cal. Penal Code § 288.2(a)), sexual penetration by a foreign object by means of force (Cal. Penal Code § 289(a)(1)), three counts of forcible rape (Cal. Penal Code § 261(a)(2)), false imprisonment by violence (Cal. Penal Code § 236), and lewd act upon a child (Cal. Penal Code § 288(c)(1)). Ex. 1 at 4. The trial court sentenced him to state prison for 27 years. *Id*. at 1.
> On May 23, 2007, the California Court of Appeal affirmed the judgment and remanded for the superior court to correct a clerical error in the abstract of judgment. Ex. 1 at 9. On September 12, 2007, the California Supreme Court denied a petition for review. Ex. 2.
> On January 28, 2008, petitioner filed a petition for writ of habeas corpus in this Court challenging his state convictions, which this Court denied with prejudice on May 13, 2009. Ex. 3.
> On August 15, 2022, petitioner filed a motion for resentencing pursuant to California Penal Code sections 1171.1 and 1170(b)(1)-(2). Ex. 4. The state superior court denied the motion for resentencing except for striking the one-year prior pursuant to California Penal Code section 667.5(b). *Id*. Petitioner is currently litigating his appeal to the California Court of Appeal. Ex. 5.
> Petitioner filed state habeas petitions in the California Supreme Court in 2007, 2020, and 2023. Ex. 6, 7, 8, 9. The state court denied all petitions except the one filed in 2023, which is still pending.

ECF No. 20, pg. 2.

As Respondent notes, while Petitioner's conviction was once final upon completion of direct review in state court, Petitioner's resentencing resulted in a new judgment. See Magwood v. Patterson, 561 U.S. 320, 338-39 (2010); see also Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012).  As of the date of filing of Respondent's motion on January 16, 2024, Petitioner's appeal in the California Supreme Court following resentencing was still pending. Neither Petitioner's opposition filed on February 7, 2024, nor Petitioner's most recent filing of April 17, 2024, suggest otherwise.  See ECF Nos. 25 and 29.  Petitioner also makes no showing of "special circumstances" warranting federal intervention before the appeal to the California Supreme Court is resolved.  See generally ECF No. 1.  Therefore, this Court should abstain and dismiss this action without prejudice.

Based on the foregoing, the undersigned recommends as follows:

1. Respondent's motion to dismiss, ECF No. 20, be GRANTED.

2. This action be DISMISSED as premature.

3. All other pending motions, ECF Nos. 4, 6, 12, 26, and 27, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE