UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Patrick Jolivette, | No. 2:23-cv-01732-KJM-DMC |
| Petitioner, | ORDER |
| v. | |
| Danny Samuel, | |
| Respondent. | |

Petitioner seeks permission from the court to reopen this habeas corpus action brought under 28 U.S.C. § 2254. *See* Mot., ECF Nos. 38. The court construes this request as a motion to reconsider. For the reasons set forth below, the court **denies** petitioner's motion.

Petitioner, a state prisoner proceeding pro se, petitioned for a writ of habeas corpus on August 16, 2023. *See* Pet., ECF, No. 1. On June 25, 2024, the Magistrate Judge recommended the case be dismissed as state court proceedings relating to petitioner's resentencing were not yet final. *See* F&R at 2, ECF No. 30. The court adopted the Magistrate Judge's Findings and Recommendations in full and issued a judgment in favor of defendant. *See* Order (Sept. 16, 2024), ECF Nos. 34–35. Petitioner objected to the judgment on October 15, 2024. ECF No. 38.

Where, as here, the court's ruling has resulted in a final judgment or order, a motion for reconsideration is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*,

1

871 F. 2d 803, 805 (9th Cir. 1989)).  A motion is construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed no later than 28 days after the entry of the judgment.  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).  Because petitioner's motion for reconsideration was filed more than 28 days after the court issued the final judgment, this court construes petitioner's request for reconsideration under Rule 60(b).[1]

Rule 60(b) permits a district court to relieve a party from a final judgment or order for "any [] reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  However, the moving party must show "extraordinary circumstances justifying the reopening of a final judgment," *see Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), and the motion "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  To prevail, the Ninth Circuit holds a party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion."  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal citation and quotations omitted).  Further, under Local Rule 230(j) a moving party must state, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal. L.R. 230(j)(3)–(4).

Here, petitioner does not offer any plausible reasons for the tardiness of his submission or plausible altered facts or circumstances that did not exist upon the filing of earlier motions.

Accordingly, petitioner's motion for reconsideration is denied.  No further documents will be accepted for filing in this closed action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion is denied.

2. No further documents will be accepted for filing in this closed action.

This order resolves ECF No. 38.

---

[1] Under Federal Rule of Civil Procedure 6(a)(1), courts are required to "(A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." According to these rules, defendant filed 29 days after judgment was rendered.

IT IS SO ORDERED.

DATED: October 23, 2024.

_____
UNITED STATES DISTRICT JUDGE